IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RANDY EGGLETON,** : | |
|         **Plaintiff,** : | |
| : | |
| **v.** : | **CIVIL ACTION NO. 16-3780** |
| : | |
| : | |
| **BETTY COLI,** *et al.*, : | |
|         **Defendants.** : | |

**MEMORANDUM OPINION AND ORDER**

**Rufe, J.**                                                                                                                     **March 31, 2017**

        On October 11, 2016, the Court dismissed Plaintiff's *pro se* complaint against Defendants Betty Coli, Elwyn, Pennsylvania Hospital, and Sharonda Eggleton without prejudice for lack of subject matter jurisdiction. Plaintiff thereafter filed an Amended Complaint against the same Defendants, attempting to cure the deficiencies outlined in the Court's Order. In it, he alleges that he was wrongfully committed to Pennsylvania Hospital for nine days pursuant to Section 302 of the Pennsylvania Mental Health Procedures Act of 1976 ("MHPA")[1] and that Defendants committed the tort of false imprisonment in violation of 42 U.S.C. § 1983. Defendant Pennsylvania Hospital has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). The other three Defendants have not responded to the Amended Complaint, and it is unclear whether they have been properly served. The Court will dismiss the action for lack of subject matter jurisdiction.

        Plaintiff misunderstands diversity jurisdiction: in opposing Defendant's motion to dismiss, Plaintiff insists that diversity jurisdiction exists because "Plaintiff is not a citizen of the same state as Defendant, Sharonda Eggleton," and further argues that "since all parties do not

---

[1] 50 P.S. § 7101, *et seq.*

appear to be citizens of the state of Pennsylvania, there is diversity jurisdiction."[2] Plaintiff appears to believe that diversity jurisdiction exists as long as all parties are not from one state; however, diversity jurisdiction requires "complete diversity," meaning that none of the defendants can be from the same state as Plaintiff.[3] As the Court noted in its previous order, even if Ms. Eggleton is not a Pennsylvania citizen, the record reflects that both Plaintiff and Defendant Pennsylvania Hospital are citizens of Pennsylvania, and therefore there is no basis for diversity jurisdiction.

In dismissing Plaintiff's original complaint for lack of subject matter jurisdiction, after explaining that there was no basis for diversity jurisdiction, the Court stated:

> Although the Complaint does not explicitly allege a violation of a constitutional right, the Court has considered the possibility that Plaintiff may have intended to allege the constitutional tort of false imprisonment in violation of the United States Constitution and 42 U.S.C. § 1983. However, even if the Complaint could be so liberally read, Plaintiff has not alleged facts that would support a conclusion that Defendants were state actors, which is necessary to state such a claim.[4]

The Amended Complaint attempts to create a basis for federal question jurisdiction by alleging false imprisonment under § 1983, but Plaintiff again fails to allege facts that would support a conclusion that Defendants were state actors, or that would otherwise support a claim under § 1983.[5] Because Plaintiff has again failed to allege the existence of subject matter jurisdiction, the Complaint will be dismissed without prejudice to its filing in the appropriate state court.

---

[2] Am. Compl. at 2.

[3] *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

[4] Doc. No. 7 at 2.

[5] Am. Compl. at 4 (alleging "the Constitutional Tort of False Imprisonment," and that Plaintiff was "falsely" and "wrongfully" committed to Pennsylvania Hospital in violation of Section 302 of the MHPA). To state a § 1983 claim for false imprisonment, a plaintiff must state sufficient facts to show that he was detained, and that the detention was made without probable cause in violation of the Fourth Amendment. *James v. City of Wilkes-Barre*, 700 F.3d 675, 682–83 (3d Cir. 2012).